# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: | |
| ALBERTO F. SALGADO, | Case No. 1:15-bk-07507 |
| Debtor(s) | |
| | Chapter 13 |
| ALBERTO F. SALGADO, | |
| Plaintiffs | Honorable Carol A. Doyle |
| v. | |
| | Adversary No. 1:20-ap-_____ |
| CAPITAL ONE AUTO FINANCE, a division of CAPITAL ONE, N.A., | |
| Defendant | |

## ADVERSARY COMPLAINT

**NOW COMES** Plaintiff, ALBERTO F. SALGADO ("Plaintiff"), through undersigned counsel, complaining of Defendant, CAPITAL ONE AUTO FINANCE, a division of CAPITAL ONE, N.A. ("Defendant") as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this action arises under 28 U.S.C. § 1334 and §§ 157(b) and (c). Plaintiffs assert claims against Defendant for violations of the Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to Plaintiff's claims occurred in this district. Plaintiff filed for bankruptcy protection in this district, Defendant participated in Plaintiff'S bankruptcy in this district, and Defendant transacts business in this district.

3. Pursuant to Fed. R. Bankr. P. 7008(a), Plaintiff states that to the extent the Court determines that any portion of this complaint is non-core, Plaintiff's consent to the entry of final orders or judgment in this adversary proceeding by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution. Further, to the extent that any court determines that the Bankruptcy Court does not have the authority to enter a final judgment on any cause of action set forth herein, Plaintiff requests that the Bankruptcy Court issue a report and recommendation for a judgment to the United States District Court for the Northern District of Illinois on any such cause of action.

## FACTUAL ALLEGATIONS

4. Prior to Plaintiff's bankruptcy filing, Plaintiff and Defendant entered into a Motor Vehicle Retail Installment Contract whereby a security interest was created in favor of Defendant in the following property: 2013 Ford Fusion, VIN # 3FA6P0H70DR363949(the "Vehicle").

5. On March 3, 2015, Plaintiff filed a voluntary petition for relief under Chapter 13, Title 11, United States Code.

6. The Vehicle was listed on the Plaintiff's Schedule B, and Defendant was listed on Plaintiff's Schedule D.

7. On March 7, 2015, the Bankruptcy Noticing Center issued a Certificate of Notice, certifying, under penalty of perjury, that it sent Notice of Chapter 13 Bankruptcy Case by first class mail or electronic transmission to Plaintiff's creditors, including Defendant.

8. On April 9, 2015, Defendant filed a proof of claim (Claim 6-1) in amount of $17,174.06.

9. Plaintiff's Modified Chapter 13 Plan, dated June 29, 2015, was confirmed on August 4, 2015 (the "Confirmed Plan").

10. The Confirmed Plan states, in part:

**Section B.** *General items.*

> 3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

**Section E.** *Disbursements by the trustee.*

> 3.1 *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):
>
>> (a) Creditor: **Capital One Auto Finance**
>> Collateral: **2013 Ford Fusion**
>> Amount of secured claim: **$17,174.06**
>> APR: **5.25%**
>> Fixed monthly payment: **$326.07;**
>> Total estimated payments, including interest, on the claim: **$19,563.96.**

11. The Order Confirming Plan was not appealed. Accordingly, the Order Confirming Plan is a final order.

12. Plaintiffs successfully completed plan payments in accordance with the Confirmed Plan.

13. The Chapter 13 Trustee disbursed $17,174.06 in principal payments and $1,771.69 in interest payments from September 30, 2015 to May 31, 2019 on Defendant's secured claim.

14. Defendant's claim is paid in full as of May 31, 2019. Accordingly, Defendant must tender title to the Vehicle to Plaintiff.

15. Moreover, on June 18, 2020, a discharge under 11 U.S.C. § 1328(a) was granted to Plaintiff.

16. On June 20, 2020, the Bankruptcy Noticing Center issued a Certificate of Notice, certifying, under penalty of perjury, that it sent Notice of Plaintiff's discharge by first class mail or electronic transmission to Plaintiff's creditors, including Defendant.

17. Defendant, however, refuses to tender the title to the Vehicle to Plaintiff despite Plaintiff's multiple attempts to urge them to do so.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **Violation of Illinois Vehicle Code (625 ILCS 5/3-205)**

18. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

19. Section 3-205(a) of the Illinois Vehicle Code provides:

Sec. 3-205. Release of security interest.

> (a) Within 21 days after receiving payment to satisfy a security interest in a vehicle for which the certificate of title is in the possession of the lienholder, he shall execute a release of his security interest, and mail or deliver the certificate and releases to the next lienholder named therein, or, if none, to the owner or any person who delivers to the lienholder an authorization from the owner to receive the certificate.

20. Defendant's failure to execute a release of its security interest constitutes a violation of Section 3-205(a) of the Illinois Vehicle Code.

21. "[A] lienholder who fails to execute a release of his or her security interest or who fails to mail or deliver the certificate and release within the time limit provided is liable to the

person or entity that was supposed to receive the release or certificate for $150.00 plus reasonable attorney fees and court costs." 625 ILCS 5/3-205(c).

**WHEREFORE**, Plaintiff requests the following relief:

a.  find that Defendant willfully violated 625 ILCS 5/3-205(a);

b.  compel Defendant to execute a release of its security interest in the Vehicle;

c.  award $150.00 in damages plus reasonable and attorneys' fees and court costs; and

d.  award any other relief deemed appropriate and equitable.

### COUNT II:
### Violation of Confirmed Chapter 13 Plan (11 U.S.C. § 105(a))

22.  All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

23.  Section 1327(a) of the Bankruptcy Code provides, "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a).

24.  The confirmed Chapter 13 Plan provided:

**Section B.** *General items.*

> 3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

25.  Defendant's failure to execute a release of its security interest constitutes a willful violation of the confirmed Chapter 13 Plan.

**WHEREFORE**, Plaintiff requests the following relief:

a. find that Defendant willfully violated Plaintiff's confirmed Chapter 13 Plan;

b. compel Defendant's performance as provided for under Plaintiff's confirmed Chapter 13 Plan

c. award actual, and punitive damages, and costs and attorneys' fees; and

d. award any other relief deemed appropriate and equitable.

DATED: August 19, 2020                    Respectfully submitted,

**ALBERTO F. SALGADO**

By: */s/ Mohammed O. Badwan*

Mohammed O. Badwan
Victor T. Metroff
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com